Haight, J.
This action was brought to recover the amount of two promissory notes, dated April 12, 1886, one for $5,000.00 and the other for $4,810.00, drawn by Phyfe & Campbell to the order of William Campbell, payable on demand, with interest, and indorsed by the defendants’ testator. The five thousand dollar note contained the following clause at the end thereof: “Having deposited with this note as collateral security, with authority to sell the same at public or private sale on the non-performance of this promise without notice, five Fifth avenue plaza bonds for one thousand dollars each with accrued interest on the same from October 1st, 1884.” The other note contained the same clause, with the exception that four bonds only were mentioned instead of five.
The trial court and the general term appear to have reached the-conclusion that the plaintiff failed to establish a cause of action for the reason that the defendants’ testator, as indorser, had the right to depend largely upon the value of the securities pledged for the payment of the notes, and that the subsequent postponing of the bonds pledged as security to the payment of other bonds diminish their value and operated to relieve surety. Nassau Bank v. Campbell, 63 Hun, 129; 44 St. Rep. 191.
We have carefully read and re-read the evidence, and have failed to find any such question presented. The evidence is exceedingly meagre and the meaning of the witness is not in every instance made clear, but the facts disclosed, as we understand them, are substantially as follows: Phyfe & Campbell were owners of what is known as the Plaza Hotel property, and at the time of the making of the notes in question,were engaged in the construction of that building. They had already mortgaged the property to the Hew York Life Insurance Company for the sum of $660,-000.00, and again by second mortgage, running to Charles A. Peabody, Jr., as trustee, for $200,000.00, upon which bonds had been issued, secured by the mortgage. Twenty-two of these bonds had been issued to one Jacob F. Wyckoff, some of which, if not all, had by him been pledged to the plaintiff as security for a loam made to him. Phyfe & Campbell were desirous of procuring another loan upon the property, and the Hew York Life Insurance Company had offered to make a further loan of $200,000.00, provided the bondholder of the second mortgage would consent to have their bonds postponed and made a subsequent lien to the new loan. Most of the bondholders had consented but Wyckoff having pledged his bonds to the Hassau Bank for money loaned, was unable to procure them to have them indorsed or stamped as postponed and made a subsequent lien to the new loan. To ac *543 complish this it was arranged that Phyfe & Campbell should made the notes in suit and procure the indorsement thereof of William Campbell; that such notes should be delivered to Wyckoff, who should take them to the bank and procure the surrender of the bonds held by it as collateral for his loan. The notes were accordingly executed, taken to William Campbell, who indorsed them, and then they were delivered to Wyckoff. What he did with the notes does not clearly appear. Two days later we find him at the office of the attorney for the insurance company stating that he could not get the bonds out of the bank without paying nine thousand dollars, and that for that sum he would get the bonds and have them stamped. It does not appear whether any one agreed to pay him that sum or not, but that he then said he was going to the Nassau Bank to get the bonds and thereafter returned with nine, thousand dollar bonds, which he delivered up in lieu of notes, and at that time he received a check from Mr. Peabody for the notes. Whether Peabody purchased the notes on his own account or whether he advanced the money for Phyfe & Campbell does not appear. The notes upon the trial was produced by the plaintiff. At the time the notes were indorsed and delivered to Wyckoff there were no bonds or securities attached to or accompanying them. It does not appear that any bonds had ever been deposited in any place as collateral security for their payment. They describe five and four ‘Fifth Avenue Plaza bonds for one thousand dollars each,’ making nine in all. There were two hundred like bonds that had been issued. The general term appears to have been of the impression that the bonds held by the plaintiff were the ones that were intended to be pledged as security for the payment of the notes, but they say there were fifteen of these bonds and they were held bv the banlqas collateral for the payment of Wyckoff’s notes. They were his bonds, pledged.by him, and not bonds owned by or under the control and management of Phyfe & Campbell, so that they could be pledged by them for the payment of their debts. It will thus be seen that the evidence fails to establish the defense alluded to.
It is further urged that the notes had been paid. The only evidence upon that subject is the response made by Mr. Phyfe in answer to the question as to whether any demand was made on him ‘after the payment of the notes in the lifetime of William Campbell.’ His answer was ‘that there was not except on the date of the stamping of the bonds. They demanded payment then and we paid them.’ By referring back to the time alluded we find that Peabody delivered his check to Wyckoff for the notes. This evidence has already been referred to and attention called to the fact that the nature of that transation is not disclosed. Under the circumstances the court could not hold as matter of law that the notes had been paid. The most that could be claimed for the evidence was that it presented a question of fact for the jury. No other question is presented that requires consideration here.
The judgment should be reversed and a new trial ordered, with costs to abide the event.